UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 24  A 9: 40

U.S. DISTRICT COURT
HARTFORD, CT.

JOHN M. SKINNER,

    Plaintiff,

V.

PAUL GOLUB, et al.,

    Defendants.

CASE NO. 3:01CV974 (RNC)

## RULING AND ORDER

Plaintiff's amended complaint alleges claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and state law. Defendant Damon Carlson is named in two counts: the first, which alleges a RICO violation by all defendants; and the third, which alleges that Carlson made fraudulent misrepresentations. Carlson, acting pro se, has moved to dismiss these claims for lack of personal jurisdiction and improper venue. For the reasons stated below, I conclude that this court has personal jurisdiction over Carlson but that the claims against him should be dismissed for improper venue.

I. Discussion

    A. Personal jurisdiction

A RICO claim may be brought in a district where the defendant resides, is found, has an agent, or transacts business. 18 U.S.C. § 1965(a). When personal jurisdiction is established as to one RICO defendant, it can be extended to others if the ends of justice so require. 18 U.S.C. § 1965(b).

Plaintiff does not dispute that Carlson, a Florida resident, has never been to Connecticut. He alleges, rather, that Carlson

solicited investors here through two others named in the RICO count -- Paul Golub and Edward O'Hara, both of whom lived and worked in Connecticut at the time in question.

Accepting plaintiff's assertions as true, he has met his burden of demonstrating that an agency relationship existed between Carlson and the Connecticut defendants. See New Moon Shipping Co., Ltd. v. Mann B & W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997)("[A] party seeking to establish jurisdiction need only make a prima facie showing by alleging facts which, if true, would support the court's exercise of jurisdiction."). Accordingly, I conclude that this court has personal jurisdiction over Carlson with respect to the alleged RICO violation.

Carlson is also amenable to suit in Connecticut on the fraudulent misrepresentation claim. Connecticut's long-arm statute extends the court's jurisdiction to defendants who allegedly commit a tort inside the state from outside the state. Conn. Gen. Stat. § 52-59b(a)(2). Moreover, the court has supplemental jurisdiction over Carlson with respect to the state law claim because RICO authorizes nationwide service of process and the RICO and state law claim derive from a common nucleus of operative fact. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1056 (2d Cir. 1993).

Carlson contends that his contacts with Connecticut are insufficient to meet due process requirements. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Plaintiff counters that Carlson availed himself of the benefits of doing

2

business in Connecticut by soliciting investors through Golub and O'Hara and falsely telling him by telephone that his investment was safe and secure. Crediting plaintiff's assertions, I conclude that the purposeful availment test is satisfied.

B. <u>Venue</u>

Carlson's motion to dismiss for improper venue is based on a forum selection clause prominently set forth at page 9 of the parties' Subscription Agreement, a copy of which is annexed to Carlson's motion. The clause provides as follows:

> **11. Jurisdiction and Venue.** The Purchaser agrees that jurisdiction and venue with respect to any legal proceeding arising under this Agreement or the purchase of the Investment Unit(s) shall properly lie in either (i) the Sixth Judicial Circuit in the State of Florida, in and for Pinellas County, Florida or (ii) the United States District Court for the Middle District of Florida (Tampa Division). The Purchaser further agrees that the mailing of any process shall constitute valid and lawful process against the Purchaser. The Purchaser waives any claim that the Purchaser may have that any of the foregoing courts is an inconvenient forum.

This clause plainly applies to "any" claim arising under the parties' Agreement or from plaintiff's purchase of investment units. The scope of the clause therefore extends to plaintiff's claims against Carlson, both of which arise from his purchase of units.

In his memorandum opposing the motion to dismiss, plaintiff does not contend that the forum selection clause is invalid,

3

inapplicable or that enforcing the clause would be unreasonable.[1] In the absence of any such opposition, the motion to dismiss for improper venue is granted for good cause shown.

Conclusion

Accordingly, the claims against Carlson are hereby dismissed without prejudice.

So ordered this 22nd day of December 2003.

Robert N. Chatigny
United States District Judge

---

[1] "The party claiming unreasonableness of a forum selection clause bears a heavy burden; in order to escape the contractual clause, he must show 'that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" New Moon Shipping Co., Ltd., 121 F.3d at 32, quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972).

4