FILED

2004 JUN 22  A 11: 05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**SECOND DRAFT**

| | |
|---|---|
| JOHN M. SKINNER, | : |
| | : CASE NO.: 301 CV 974 (RNC) |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| PAUL A. GOLUB, et al. | : |
| | : |
| Defendants. | : JUNE 21, 2004 |

### JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**

Trial counsel for the plaintiff will be Igor I. Sikorsky, Jr., and for the defendant, Paul Golub, will be Paul Golub, *pro se*.

2. **JURISDICTION**

This action was brought pursuant to the Racketeer Influence and Corruption Organization Act (hereinafter "RICO"), 18 U.S.C. Sections 1961 *et seq*.

3. **JURY/NON-JURY**

This matter has been claimed to a jury. However, it has been substantially simplified because many of the defendants could not be served; furthermore some defendants such as Raymond Marker have disappeared and another key defendant Carlson is now under

indictment in a Federal Court proceeding in Florida, and thus realistically would not testify in this action. It is feasible that this would be available to be tried to the court. This requires a waiver of jury by both plaintiff and the existing defendant, Paul Golub, who is *pro se*.

4. <u>NATURE OF THE CASE</u>

Golub, a *pro se* defendant does <u>not</u> concede plaintiff's RICO case statement but acknowledges that Skinner asserts that the RICO case statement sets forth the claims of the plaintiff, as follows:

> [T]here was a conspiracy within the meaning of RICO to deprive [the plaintiff] and other investors of assets. [R]epresentations were made to [the plaintiff] . . . that exorbitant returns could be made on the investments, up to 50 percent every 90 days, and that [the] investments would be monitored and supervised. Acting on these representations which were false when made . . . [the plaintiff] transferred funds by way of wire transfers to payees designated by Golub and O'Hara . . . .
>
> Rather than monitoring and supervising these investments after their transfer, the funds were transferred to Florida, Bahamas and other destinations; some went to Paine Webber in North Carolina, some of the transfers by wire went from Connecticut to Florida and thereafter to North Carolina and from North Carolina to two companies designated as either [Prosper International League Limited] or [Prosper International League]. Ultimately all funds were transferred "Offshore" and disappeared.
>
> Despite repeated demands made on all parties by [the plaintiff], there has never been an accounting for these funds . . . .

2

5. STIPULATIONS OF FACT AND LAW

Because the only defendant before this Court is *pro se*, counsel cannot in fairness force from him a statement as to stipulations of fact. The nature of the case set forth above in Part 4 of this document is essentially agreed to by defendant insofar as it alleges factually that Skinner transferred through his office and to payees designated by ~~him~~ Golub and O'Hara the sum set forth.

6. PLAINTIFF'S CONTENTIONS

The contentions of the plaintiff essentially are set forth in his recital of the nature of the case in Part 4 *supra.*

7. DEFENDANT'S CONTENTIONS

Defendant Golub could testify that he was also an innocent victim and had no intention of defrauding Skinner. He could testify that he received instructions from third parties and conveyed them to Skinner.

Caveat: Defendant Golub should reserve the right to plead the Fifth Amendment. He has not received independent counsel and in fairness to the proceeding, nothing in this document should be deemed as a waiver by Paul Golub of his constitutional rights.

8. VOIR DIRE QUESTIONS

Plaintiff and defendant request that these questions be deferred until 10 days prior to the selection of jurors or permanently should a jury be waived.

9. <u>LEGAL ISSUES</u>

Whether the facts sufficiently support a RICO complaint under the circumstances pled and proved in this case.

10. <u>LIST OF WITNESSES</u>

Plaintiff will offer the following witnesses:

A. John Skinner, who will testify as to the circumstances set forth in Part 4 of this Joint Trial Memorandum.

B. Gary Gomola, a certified public accountant, will testify and verify the investments and losses suffered by the plaintiff.

C. Paul Golub may testify, but should reserve the right to decline to testify on the grounds of constitutional rights.

11. <u>EXHIBITS</u>

Plaintiff has attached to this document, copies of the documents which would be used and offered by Skinner. Golub has indicated no exhibits but reserves the right to file an amendment to the exhibits. Skinner asked leave of the court to file said exhibits manually without their being converted to an electronic format.

12. <u>EXHIBITS TO BE OFFERED BY SKINNER</u>

   Exhibit 1 – Management Resources 2000, Inc. – Funds Management Agreement dated May 27, 1999 (7-page document).

   Exhibit 2 - Management Resources 2000, Inc., dated January 14, 1999 (1 page document).

   Exhibit 3 - Item labeled Exhibit "B", dated July 9, 1999.

   Exhibit 4 - Management Resources 2000, Inc. – Document dated August 12, 1999.

   Exhibit 5 - Management Resources 2000, Inc. – Document dated November 1, 1999.

   Exhibit 6 - Document labeled Exhibit "B", dated December 31, 1999.

   Exhibit 7 - Correspondence dated June 26, 2000.

   Exhibit 8 – Photocopy – John Skinner check.

   Exhibit 9 – Labeled "Highlights Investors Network Limited Partnership."

   Exhibit 10 – Investment Opportunities, LLC – Document to John Skinner from Damon Carlson, dated January 3, 2000.

13. <u>DEPOSITION TESTIMONY</u>

There has been a deposition of Paul Golub, the only deposition taken directly in this case. Skinner will rely on that deposition at least for the purposes of cross-examining Paul Golub should it be necessary. However, both Golub and O'Hara were deposed by the State of Connecticut Banking Commission in parallel proceedings.

14. <u>REQUEST FOR JURY INSTRUCTIONS</u>

The parties request that this be deferred until 10 days prior to trial, or, permanently, in the event a jury trial should be waived.

15. <u>PROPOSED FINDINGS AND CONCLUSIONS</u>

The parties request that this requirement be deferred until after a decision is made as to whether a jury should be waived.

16. <u>TRIAL TIME</u>

If this case is tried to the court, it can be tried in a maximum of two days; if tried to a jury, it probably would require a day for the selection of the jury, and an extra day for oral argument and instructions, so then it could be disposed of in five days.

17. <u>ELECTION FOR TRIAL BY MAGISTRATE JUDGE</u>

Both parties will consent to a trial by a Magistrate Judge should the court so direct and should the matter be moved from the jury docket.

| RESPECTFULLY SUBMITTED, | JOHN SKINNER |
|---|---|
| BY *[signature]* Paul Golub<br>49 High Street<br>Middlefield, CT 06455-1062 | BY *[signature]* Igor I. Sikorsky, Jr.<br>P.O. Box 38<br>Unionville, CT 06085<br>(860) 675-5313<br>Fed. Bar #04233 |

*However, I request a pre-trial conference with the judge.* [handwritten note]