UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN M. SKINNER, | : | |
| | : | CASE NO.: 301 CV 974 (RNC) |
| Plaintiff | : | |
| | : | |
| VS. | : | For Magistrate Judge Martinez |
| | : | |
| PAUL A. GOLUB, et al. | : | |
| | : | |
| Defendants. | : | MARCH 28, 2005 |

## RESPONSE TO ORDER TO SHOW CAUSE

The plaintiff, John Skinner, herein sets forth his response to the Order to Show Cause concerning whether the above case should be dismissed as to "improper venue."

It is clear that earlier rulings of this Court have substantially limited the case. What is left is a claim that Paul A. Golub misled, deliberately and with knowledge of forethought, the plaintiff into investing assets into <u>various</u> investment themes.

Skinner has stated on repeated occasions, and reaffirms for the purposes of this response that his only contacts concerning investments involved in the instant litigation, came through Paul Golub and/or his partner, Edward O'Hara. As the file discloses, O'Hara was held out to be a partner, and clearly was that of Paul Golub. We do not believe that a good faith denial by Golub of the fact that O'Hara was his partner, may have been made, but obviously if Golub should file such a denial, it would really not change the essence of the Complaint.

It must be conceded that subscription documents, already in this file, clearly state the disclaimers set forth in Paul Golub's response dated March 14, 2005. However, plaintiff Skinner asserts that the case should not be dismissed on jurisdictional and/or venue grounds as follows:

1. THIS MOTION IS FILED QUITE LATE.

Skinner filed this action over four (4) years ago, and we have continued pursuing this action until it has been assigned for Pre-Trial Conference in 2005, followed by a Settlement Conference in that same period, and also assigned for trial before this Court on April 28 and 29, 2005. At this late stage, defendant Golub, appearing *pro se*, has waived any questions now as to venue.

More serious is an objection to the dismissal of this case on venue related to the "Investment Opportunities subscription agreement" is the fact that the case involves substantially more claims than just Carlson's and Investment Opportunities.

The factual basis for Skinner's Complaint is complex, predominantly because of the way all defendants have hidden from judicial process. However, Paul Golub's role is clear and unequivocal. For the purposes of this Court, and to clarify the position of Skinner, we have attached a copy of this Court's ruling on earlier proceedings. That ruling summarizes what Skinner believes he could prove, and it makes it clear that the relationship between Golub and Carlson is a part of the scheme, but not all of it by far. In other words, a granting of the motion would still leave substantial portions of Skinner's

case versus Golub, and would in no way remove the *Skinner v. Golub* case from Connecticut.

A review of the Complaint as filed, and as it states, we are prepared to try, the portion that deals with Carlson is not central to the fact of Golub's breach of obligations to Skinner. The fact that proceedings must follow in Florida, does not relieve Paul Golub of responsibilities to John Skinner, and therefore, Skinner requests this Court to reject the requests by Golub to dismiss this matter for "improper venue," and proceed with the trial which is already scheduled for April 28 and April 29, 2005.

In addition to the question of timeliness, there is a more important issue which relates to the fact that while Carlson is a significant player, the venue question is not the only one in the claims. This Court, acting sometime ago, summarized the factual allegations, and they show that while the investment group instrument urged by Carlson through Golub onto Skinner was a part, it was not by any means the only issues raised in the case. The documents quoted by the defendant Golub, come from Investment Opportunities, LLC, but they do not cover a major portion of this action.

For the convenience of the Court, I attach a statement of the factual summary, prepared by this Court in connection with earlier proceedings. It is clear from this finding that the claims of Skinner are that he sought investment advice from Golub and O'Hara, doing business as New England Senior Associates. It was Golub and O'Hara who made the

"false representations" as alleged to by the plaintiff; they assured Skinner that they were knowledgeable and that they would monitor his investments.

Based on these representations, Skinner made a series of investment actions, some of which went to a company in the Bahamas, and other investments. This was a process that continued and the Investment Opportunities investment followed, and also was involved with certain diversion of funds to a man named Raymond Marker, in North Carolina.

In other words, the claim that any litigation must be pursued in Florida would, at most, be limited to a portion of Skinner's Complaint. To dismiss the entire Complaint, based on this provision, would simply multiply litigation at the same time as it fragmented its jurisdiction.

At this late stage, nothing useful can be accomplished by fragmenting the litigation in this manner.

For that reason, plaintiff Skinner requests that the Court retain jurisdiction and dispose of this case at the scheduled trial date of April 28 and April 29, 2005, before the Court.

                                            RESPECTFULLY SUBMITTED, BY
                                            JOHN SKINNER

                       BY_____
                                            Igor I. Sikorsky, Jr.
                                            P.O. Box 38
                                            Unionville, CT 06085
                                            (860) 675-5313
                                            Fed. Bar #04233

## **CERTIFICATION**

     This is to certify that the foregoing has been mailed U.S. first-class mail, postage prepaid on this 28th of March, 2005, to:

Mr. Paul Golub
49 High Street
Middlefield, CT 06455-1062

                                            _____
                                            Igor I. Sikorsky, Jr.