**Honorable Donna F. Martinez**
**United States Magistrate Judge**
United States District Court
District of Connecticut

Abraham A. Ribicoff Federal Building
and United States Courthouse
450 Main Street
Hartford, CT 06103                                                  (860) 240-3605

April 26, 2005

Paul A. Golub
49D High Street
Middlefield, CT 06455
(Sent by overnight mail)

Re: Skinner v. Golub, 3:01cv974(DFM)

Dear Mr. Golub:

    This case is scheduled for a two-day bench trial to
commence on Thursday, April 28, 2005.  Because you are
representing yourself, the court wants to explain the
procedures so that less time will be needed for such
explanations at the trial.

    Trials are complicated.  This explanation is meant to
make the hearing more understandable, but the judge cannot
make it less complicated.

    This is the order in which the trial will occur:

    1.   Opening statements
    2.   The plaintiff's case in chief (witnesses and
         exhibits)
    3.   Your (defense) case in chief
    4.   Final arguments

*Role of the Judge*

    I will not act as your attorney.  My role is to assure
that the trial proceeds in an orderly manner, and that you (as
well as the plaintiff) have as full an opportunity to be heard
as the rules of procedure and evidence allow.  Do not expect

The Clerk of the Court shall docket this letter.
SO ORDERED. 4/26/05.

me to advise you as to how to proceed, or what topics to cover while testifying, or what questions to ask witnesses.

The trial will be conducted consistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No one can predict in advance exactly which rules will come into play, but some of the rules that most frequently come into play in cases such as this one are attached to this order. The judge is required to follow these rules, and so are the parties, including you.

## Behavior in Court

You will be treated politely and with courtesy in court and I expect you to treat others in court the same way. The judge and the people who work in the court will do all they can to be sure the case goes smoothly but their main job is to be sure that the court can do its job.

## Arranging for Witnesses

Do not wait until the trial to arrange for any witnesses. I will not delay the trial to let your arrange for witnesses that you could have arranged for earlier.

## Opening Statement

Opening statements are the first part of a trial.    In opening statements, you and the lawyer for the plaintiff have the chance to tell the judge what you expect the evidence to be.    You cannot argue what the court should do.    The time to do that is in final argument.

What you tell me in opening statement is not evidence. The evidence consists of witness testimony, exhibits received in evidence, and any facts to which you and the lawyer for the plaintiff formally agree.    The opening statement is not your testimony.

## Plaintiff's Case in Chief

After the opening statements, the plaintiff presents evidence. This is called the plaintiff's *case in chief*. It may consist only of the plaintiff's testimony, or it may include

2

testimony of other witnesses. When the plaintiff's counsel is finished questioning the witness, the defense (you) may then ask questions of the witness. This is called *cross examination*. After the cross examination, the plaintiff may ask more questions in what is called *redirect examination*, but those questions must be related to something discussed on cross examination. If the plaintiff's counsel asks questions on redirect examination, the defense (you) will be offered a chance to ask more questions on *recross examination*.

### Defense Case in Chief and Rebuttal

After the plaintiff has presented his evidence, you will have a chance to call witnesses and present evidence. This is called the *defense's case in chief.* If you have witnesses, tell the judge the order in which you want to present your evidence: who will testify first, second, third, and so on.

If you call a witness to testify, you must ask questions for the witness to answer. You cannot tell the witness facts while the witness is testifying; the witness is to testify to facts in response to your questions.

If you testify as a witness in this case, you will have to ask questions of yourself. This is so that the lawyer for the plaintiff will have an opportunity to make an objection. You will ask a question and then proceed to answer it. Your testimony will have to comply with all the rules of evidence and procedure, which means there may be objections raised during your testimony. If I sustain an objection, I am ruling that you cannot talk about whatever was objected to. If you do not understand what it is you are not allowed to talk about, you may ask me.

Let me know when you are done with your testimony. I will then ask the lawyer for the plaintiff if there is any cross examination, and you might be cross examined by the other side. If so, you will be given a chance to give more testimony by asking and answering questions on redirect examination.

I *will not* remind you of topics to testify about. If I did that, I would be acting as your advocate. So if your case is about things that happened on a Monday and a Tuesday, and

you only testify about Monday, I will not remind you to talk about Tuesday.

As you are aware, a final pretrial conference was conducted in this matter on Monday, April 25, 2005. At that time, exhibits were marked and admitted into evidence. If either party seeks to have additional exhibits admitted into evidence the party may make that request of the court. Only those exhibits admitted as full exhibits will be considered as part of the evidence.

### Final Argument

After all the evidence is complete, you and the lawyer for the plaintiff will be allowed to make final arguments. In final argument, you may comment on any evidence that was presented at the trial, and may tell the court what you think that evidence means. You are not allowed to tell the court any new facts about the case during final argument — the evidence is over by this point. You may also tell the court why you believe that the plaintiff did not prove his case.

Because the plaintiff has the job of convincing the court, the plaintiff has the right to open the final arguments and to close them. This means that the plaintiff will speak first, then the defense (you) will speak, and then the plaintiff may speak again to respond to what you said. I will put a time limit on the final arguments.

I hope this letter was helpful and will prevent any confusion as to the process or procedures of the trial.

Very truly yours,

Donna F. Martinez
United States Magistrate Judge

cc: Igor Sikorsky, Esq.

**Federal Rule of Civil Procedure 50(a) ("Judgment as a Matter of Law")**

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

**Federal Rule of Evidence 401 ("Definition of Relevant Evidence")**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**Federal Rule of Evidence 402 ("Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible")**

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

**Federal Rule of Evidence 403 ("Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time")**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

**Federal Rule of Evidence 602 ("Lack of Personal Knowledge")**

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule

1

703, relating to opinion testimony by expert witnesses.

**Federal Rule of Evidence 611 ("Mode and Order of Interrogation and Presentation")**
     **(a) Control by court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
     **(b) Scope of cross-examination.** Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.
     **(c) Leading questions.** Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading question.

**Federal Rule of Evidence 701 ("Opinion Testimony by Lay Witnesses")**
     If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**Federal Rule of Evidence 801 ("Definitions")**
     The following definitions apply under this article:
     **(a) Statement.** A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
     **(b) Declarant.** A "declarant" is a person who makes a statement.
     **(c) Hearsay.** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or

2

hearing, offered in evidence to prove the truth of the matter asserted.

**(d) Statements which are not hearsay.** A statement is not hearsay if —

**(1) Prior statement by witness.** The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; or

**(2) Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or relationship, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

**Federal Rule of Evidence 802 ("Hearsay Rule")**

Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

3